Case 4:09-cv-00089-A  Document 23  Filed 11/06/09  Page 1 of 8

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 6 2009
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT RICHARD TAYLOR II,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | Civil Action No. 4:09-CV-089-A |
| | § | |
| RICK THALER, DIRECTOR,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | §<br>§<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Robert Richard Taylor II, TDCJ-ID #1530454, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Snyder, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In 2008, pursuant to a plea bargain agreement, Taylor pled guilty to two instances of

possession of child pornography and two instances of possession with intent to promote child pornography in Tarrant County, Texas. *See Ex parte Taylor*, State Habeas Application Nos. WR-69,748-03 thru WR-69,748-06. He is serving two 10-year sentences and two 15-year sentences, concurrently. Taylor sought postconviction state habeas relief by filing four state applications for writ of habeas corpus, one for each conviction. The applications were denied by the Texas Court of Criminal Appeals without written order. This federal petition for writ of habeas corpus was timely filed.

D. ISSUES

Taylor's grounds are multifarious and are addressed based on the following general topics:

(1) Abuse of discretion by the trial court;
(2) Prosecutorial misconduct;
(3) Illegal search and seizure;
(4) Excessive pretrial bail; and
(5) Ineffective assistance of trial counsel. (Petition at 7-8 & Memorandum in Support)

E. RULE 5 STATEMENT

Thaler believes that Taylor has failed to exhaust his state remedies with regard to one or more of his claims, including all claims in ground (5) enumerated above, as required by 28 U.S.C. § 2254(b)(1). (Resp't Answer at 6) As to those issues, Thaler contends the claims are unexhausted and procedurally barred.

F. PROCEDURAL DEFAULT

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a postconviction state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure in a procedurally proper manner. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Taylor did not directly appeal his convictions, thus for purposes of exhaustion it was necessary that he raise both the factual and legal basis for his claims in his state habeas applications.

Taylor concedes that he raises his ineffective assistance claims for the first time in this petition, yet he urges that he frequently alluded to the claims in his state habeas applications, that he lacked space on the state's form applications, and that he gave full details in his supplemental memorandums in support of his state habeas applications. (Petition at 8) The state habeas records refute Taylor's first allegation, and the second is frivolous. Taylor's third allegation does not aid him either. The supplemental memorandums were filed in the Texas Court of Criminal Appeals in each case as a motion for leave to file a supplemental memorandum and were received by the Texas Court of Criminal Appeals on February 2, 2009, after the court had already denied Taylor's habeas applications. Consequently, no action was taken on the motions by the court. As such, the claims raised in the supplemental memorandums were not considered on the merits by the state court and are unexhausted.

It is unlikely that Taylor can now return to the Texas courts to cure this deficiency. The

Texas abuse-of-the-writ doctrine prohibits a successive habeas petition, absent a showing of cause, if the applicant urges grounds that could have been, but were not, raised in his first habeas petition. *Ex parte Barber*, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994). This doctrine is an adequate state procedural bar for purposes of federal habeas review. *Emery v. Johnson*, 139 F.3d 191, 195 (5th Cir. 1997); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Federal habeas corpus relief is unavailable in the face of a state procedural default unless the petitioner can show either (1) cause for the default and actual prejudice, or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice, *i.e.*, that the petitioner is actually innocent of the crime. *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Finley*, 243 F.3d at 219-20. Such showing not having been made by Taylor, all claims raised for the first time in this federal petition, including his ineffective assistance claims, are unexhausted and procedurally barred.

G. LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v.*

*Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274, F.3d 941, 948 n.11 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as in this case, it is an adjudication on the merits, which is entitled to the presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

H. DISCUSSION

*(1), (2), in part, (3), and (4). Waiver of Claims*

By entering a knowing, intelligent and voluntary guilty plea, a defendant waives all nonjurisdictional defects, including claims relating to deprivation of constitutional rights, that antedate the plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Wise*, 179 F.3d 184, 186 (5th Cir. 1999) (Fourth Amendment violations); *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992) (speedy trial); *Lambert v. United States*, 600 F.2d 476, 477-78 (5th Cir. 1979)

(excessive bail). Because Taylor's guilty pleas were knowingly, intelligently and voluntarily made, *see infra*, his claims (1), (2), to the extent he raises a *Brady* issue, (3), and (4) are waived. *See Florida v. Nixon*, 543 U.S. 175, 187 (2004);*United States v. Broce*, 488 U.S. 563, 573-74 (1989); *Boykin*, 395 U.S. at 243; *United States v. Williams*, 61 Fed. Appx. 120 (5th Cir. 2003).

*(2) Prosecutorial Misconduct*

Taylor claims the prosecuting attorney induced his guilty pleas by threatening to prosecute his son with the same or similar charges if Taylor went to trial and was acquitted.

To render his guilty pleas involuntary, Taylor must show that his pleas were the product of misunderstanding, duress, or misrepresentation by others as to make his guilty pleas an inadequate basis for imprisonment. *Blackledge v. Allison*, 431 U.S. 63, 75 (1977). There is no intrinsic constitutional infirmity in promising leniency to a third party in exchange for a guilty plea. *United States v. Nuckols*, 606 F.2d 566, 569-70 (5th Cir. 1979). A threat by the state to prosecute a third party family member does not itself render a guilty involuntary where there is probable cause to bring such charges. *United States v. Diaz,* 733 F.2d 371, 374 (5th Cir. 1984); *Nuckols*, 606 F.2d at 569-70.

In this case, the record is devoid of evidence that the state threatened to prosecute Taylor's son for the same or similar offenses or, assuming the state did make such a threat, evidence demonstrating that the prosecution had a bad faith basis for making the threat. Further, the documentary evidence in the plea proceedings supports the conclusion that Taylor's pleas were freely, voluntarily, and intelligently entered. Taylor executed the written plea admonishments in which he acknowledged that he was aware of the consequences of his pleas, that he was mentally competent, that his pleas were made knowingly, freely, and voluntarily, and that no one threatened, coerced, forced, persuaded or promised him anything in exchange for his pleas. *See Blackledge*, 431

U.S. at 74; *Kelley v. Alabama*, 636 F.2d 1082, 1084 (5th Cir. 1981). Such representations by a defendant during plea proceedings "carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74. Taylor's claims, after the fact, unsupported by the record, are insufficient to rebut the presumption of regularity of the state court records. *See Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding state court records "are entitled to a presumption of regularity"); *Babb v. Johnson*, 61 F. Supp. 2d 604, 607 (S.D. Tex. 1999) (same). Taylor has failed to demonstrate that his pleas were rendered involuntary as a result of coercion on the part of the prosecution.

Based on the record, the state court's rejection of Taylor's claims is not contrary to, or involve an unreasonable application of, clearly established federal law nor was the decision based on an unreasonable determination of the facts in light of the evidence presented in the state court. Taylor has not rebutted the presumption of correctness of the state court's adjudication of his claims by clear and convincing evidence; thus, the appropriate deference to the state court's decision is warranted.

## II. RECOMMENDATION

It is recommended that Taylor's petition for writ of habeas corpus be denied.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and

recommendation until November 27, 2009. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until November 27, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 6, 2009.

CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE