IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB - 4 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| ROBERT RICHARD TAYLOR II, | § | |
| | § | |
| Applicant, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-089-A |
| | § | |
| RICK THALER, | § | |
| Director, Texas Department | § | |
| of Criminal Justice, | § | |
| Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |

O R D E R

Came on for consideration the above-captioned action wherein

Robert Richard Taylor II ("Taylor") is applicant[1] and Rick

Thaler, Director, Texas Department of Criminal Justice,

Correctional Institutions Division ("Director"), is respondent.

This is an application for writ of habeas corpus filed pursuant

to 28 U.S.C. § 2254.  On November 6, 2009, the United States

Magistrate Judge issued his proposed findings, conclusions, and

recommendation ("FC&R"), and ordered that the parties file

objections, if any, thereto by November 27, 2009.  Taylor timely

---

[1]The title of the document filed by Taylor was "Petition for Writ of Habeas Corpus by a Person in State Custody."  Consistent with the wording of 28 U.S.C. § 2254, the court is referring to the document filed as an "application" and is referring to Taylor as "Taylor" or "applicant."

filed his written objections, and respondent made no further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings or recommendations to which specific objection is made.  United States v. Raddatz, 447 U.S. 667 (1980).  The court need not consider any nonspecific objections or any frivolous or conclusory objections.  Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

In 2008 Taylor, pursuant to a plea bargain, pleaded guilty to two counts of possession of child pornography and two counts of possession with intent to promote child pornography.  Taylor's federal application for habeas relief and accompanying memorandum set forth the following grounds for relief, as characterized by the Magistrate Judge: (1) abuse of discretion by the trial court; (2) prosecutorial misconduct; (3) illegal search and seizure; (4) excessive pretrial bail; and (5) ineffective assistance of counsel.  The Magistrate Judge found that Taylor had failed to completely exhaust his state remedies as to his claims for ineffective assistance of counsel, and found that he failed to

overcome the presumption of correctness of the state court's determination of his remaining claims.[2]

The only specific objection Taylor appears to make concerning exhaustion is his contention that he "submitted his Memorandum in Support to the [state] District Court, as required, well in advance of denial" by the Court of Criminal Appeals. Obj. at 3. Taylor claims he had to forward the "Memorandum in Support" to the Court of Criminal Appeals due to the trial court's failure to do so, and that he sent it on the same day that the Court of Criminal Appeals denied his application.

The only portion of Taylor's statement supported by the record is that he filed with the Court of Criminal Appeals a motion for leave to file a supplemental memorandum to his habeas application, raising grounds of ineffective assistance of counsel, which that court received on February 2, 2009. However, the Court of Criminal Appeals had previously denied Taylor's application for habeas relief without written order on January 21, 2009, and it stamped "No Action Taken" at the top of the motion to supplement. Contrary to Taylor's objections, lack

---

[2]Taylor filed an application for state habeas relief, which the Texas Court of Criminal Appeals denied without written order. The denial without written order is considered an adjudication on the merits, which is entitled to the presumption of correctness. See Singleton v. Johnson, 178 F.3d 381, 384 (5th Cir. 1999).

of action on the part of the Court of Criminal Appeals is not tantamount to a conclusion that he has exhausted all state remedies.[3]

The remainder of Taylor's objections consist of complaints concerning the Court of Criminal Appeals and generally reurging the grounds raised in his application.   The court need not address such conclusory assertions.   See Battle, 834 F.2d at 421.

Therefore,

The court accepts the recommendation of the Magistrate Judge and ORDERS that the application of Taylor for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Court, and 28 U.S.C. §

---

[3]Taylor asks that the court stay the instant action to afford him an opportunity to present his claims of ineffective assistance of counsel to the Court of Criminal Appeals.  Taylor is prohibited from filing a successive habeas application, absent a showing of cause, that urges grounds that could have been, but were not, raised in the initial application.  Ex parte Barber, 879 S.W.2d 889, 891 n. 1 (Tex.Crim.App. 1994).  As all of Taylor's allegations of ineffective assistance of counsel concern his counsel's performance prior to, and during, trial, it is evident he was aware of these grounds at the time he filed his initial habeas application.   Taylor has failed to demonstrate cause or prejudice as to the procedural default, or that failing to allow him opportunity to pursue a successive application would constitute a miscarriage of justice.  See Sawyer v. Whitley, 505 U.S. 333, 339-40 (1992); Finley v. Johnson, 243 F.3d 215, 219-20 (5th Cir. 2001).  Accordingly, Taylor's request for a stay of the action is denied.

4

2253(c), for the reasons discussed herein, the court further

ORDERS that a certificate of appealability be, and is hereby,

denied, as applicant has not made a substantial showing of the

denial of a constitutional right.

SIGNED February 4, 2010.

JOHN McBRYDE
United States District Judge